IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAILESHKUMAR B PATEL,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>　　　　　　Defendant. | 8:25CV267<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's motion for reconsideration, Filing No. 20, requesting that this Court reconsider its Memorandum and Order, Filing No. 18. Plaintiff contends that the Court dismissed the entire case but only addressed one of the three claims set forth in plaintiff's Complaint. The Government responded in an email to the Plaintiff that it did not agree with the motion for reconsideration. Filing No. 20-1. The Government filed no formal response with the Court.

## BACKGROUND

Plaintiff contends that it set forth the following three issues in its Amended Complaint: the first cause of action sought an order compelling USCIS to make a bona fide determination. Filing No. 11 at 9–34, ¶¶ 52–169; the second cause of action alleged USCIS unlawfully refused to make waiting list determinations. Id. at 34–36, ¶¶ 170–88; and the third cause of action alleged that, even if USCIS wasn't unlawfully withholding waiting list decisions, it was unreasonably delaying them. Id. at 36–43, ¶¶ 189–238. USCIS moved to dismiss all three claims. Filing No. 15 at 2.

1

**Claim 1**

The plaintiff concedes the first cause of action. Plaintiff filed an I-918, Petition for U Nonimmigrant Status, on or about October 9, 2024. Filing No. 11 at 8, ¶ 42. There has been no decision yet by USCIS on this benefit.[1] *Id.* at 34, ¶ 170. Plaintiff further argues that Defendant "is required to make a waiting list determination with deferred action or conditional parole." *Id.*, ¶ 173. *But see Noorani v. Dir. of United States Citizenship & Immigr. Servs.*, No. 8:25CV221, 2025 WL 1664344, at *3 (D. Neb. June 12, 2025) (Rossiter, J.) ("Nothing in Noorani's amended complaint alters the Court's reasoned determinations . . . with respect to the availability of judicial review over claims of BFD and BFD EAD delays.") *Sonani v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25CV68, 2025 WL 1489563, at *4 (D. Neb. May 23, 2025)(Bataillon, J.) ("Plaintiff initially filed his complaint based upon inaction of BFD and EAD petitions. However, Plaintiff now contends he argues only for his BFD petition . . .. It matters not as the decision of this Court applies to either scenario.").

The decision to grant work authorization for bona fide petitioners awaiting a U visa is discretionary. 8 U.S.C. § 1184(p)(6) ("The Secretary [USCIS] may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title."). The Court agrees these are

---

[1] This section states:

(2) Waiting list. All eligible petitioners who, due solely to the cap, are not granted U–1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement. Priority on the waiting list will be determined by the date the petition was filed with the oldest petitions receiving the highest priority. In the next fiscal year, USCIS will issue a number to each petition on the waiting list, in the order of highest priority, providing the petitioner remains admissible and eligible for U nonimmigrant status. After U–1 nonimmigrant status has been issued to qualifying petitioners on the waiting list, any remaining U–1 nonimmigrant numbers for that fiscal year will be issued to new qualifying petitioners in the order that the petitions were properly filed. USCIS will grant deferred action or parole to U–1 petitioners and qualifying family members while the U–1 petitioners are on the waiting list. USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members.

discretionary decisions, and they are barred from this Court's review. See also *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005) (observing that, in statutory construction, "[t]he word 'may' customarily connotes discretion"); *J.M.O. v. United States*, 3 F.4th 1061, 1063–64 (8th Cir. 2021) (rejecting the "counter-intuitive argument" that the word "may" means "shall" for purposes of 8 U.S.C. § 1255(m), the statutory provision providing for the adjustment of status to lawful permanent residence for U visa holders).

In Thigulla, the Eighth Circuit held that 8 U.S.C. § 1252(a)(2)(B)(ii)'s jurisdictional bar extended to claims for unreasonable delay of USCIS's adjudication of I-485 Adjustment of Status applications – another discretionary immigration decision. *Thigulla v. Jaddou*, 94 F.4th 770, 773–74 (8th Cir. 2024). The Eighth Circuit, recognized a "tradition of agency discretion over internal procedures," and explained that "Congress's broad prohibition of judicial review in 8 U.S.C. § 1252(a)(2)(B)(ii)" includes the "process" of making a discretionary decision, thereby barring plaintiffs' claims for unreasonable delay of their I-485 applications because adjustments of status were made discretionary pursuant to 8 U.S.C. § 1255(a). See *id.* at 777. *Sonani*, 2025 WL 1489563, at *5 (Bataillon, J.) ("the Court finds that the language of 8 U.S.C. § 1252(a)(2)(B)(ii), when read in conjunction with the plain language of 8 U.S.C. § 1184(p)(6), is discretionary in nature and does not permit subject matter jurisdiction in these cases.").

"Congress has sharply circumscribed judicial review of the discretionary-relief process" under §§ 1182 and 1252(a)(2)(B)(ii). *Patel v. Garland*, 596 U.S. 328, 332 (2022). Those limitations bar review of the plaintiffs' unreasonable-delay claims under the circumstances of this case. See *Beltran v. Miller*, 699 F. Supp. 3d 785 (D. Neb. 2023); *Chalamalesetty v. Jaddou*, No. 4:22-CV-3182, 2023 WL 6387976, at *3 (D. Neb. Sept. 29, 2023); *Ting Hao Yang v. Gonzalez*, No. 4:06CV3290, 2007 WL 1847302, at *1 (D. Neb.

3

June 25, 2007). *Boulay v. Jaddou*, 700 F. Supp. 3d 753 (D. Neb. 2023). Section 1255(a)'s text establishes the Attorney General's "discretion" both to adjust applicants' statuses, even after the applicants meet the statutory requirements, and to enact "such regulations as he may prescribe" to administer this process. *Thigulla*, 94 F.4th at 775. *See also*, *id.* at 774, where the Eighth Circuit stated that 8 U.S.C. § 1252(a)(2)(B)(ii) is "Congress's broad prohibition of judicial review," which includes the "process" of making a discretionary decision, thereby barring plaintiffs' claims for unreasonable delay of their I-485 applications because adjustments of status were made discretionary pursuant to 8 U.S.C. § 1255(a). That distinction "reflects Congress' choice to provide reduced procedural protection for discretionary relief." *Sonani*, 2025 WL 1489563, at *6, citing *Patel*, 596 U.S. at 345.

**Claims 2 and 3**

With regard to Claims 2 and 3, Plaintiff asserts that the second cause of action alleges USCIS unlawfully refused to make waiting list determinations. Filing No. 11 at 34–36, ¶¶ 170–88; and the third cause of action alleged that, even if USCIS wasn't unlawfully withholding waiting list decisions, it was unreasonably delaying them. *Id.* at 36–43, ¶¶ 189–238. Plaintiff contends the decision making by USCIS is "unlawful." That claims indicate that it is taking way too long to process the claims and doing so in an unlawful manner. The Agency has stated that "[a]ll eligible [U-status] petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement." *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 441–52 (6th Cir. 2022). "All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement." 8 C.F.R. § 214.14(d)(2). In that regard, the Court will permit the Plaintiff to continue with this lawsuit as to Claims 2 and 3. Plaintiff may not

4

proceed on anything that is discretionary, but he may pursue the allegations of unlawfulness of the U-I waiting list. He Court will not be directing the Agency how to exercise its discretion. Rather, it will only be ordering the Agency to exercise that discretion. The Court agrees that at this stage of the litigation that these determinations are questions of fact. Congress has indicated that all immigration applications for non-immigrant benefits, such as U-status waiting list decisions, should be made in 30 days:

> It is the sense of Congress that the processing of an immigration benefit Petition should be completed not later than 180 days after the initial filing of the Petition, except that a petition for a nonimmigrant status under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.

8 U.S.C. § 1571(b).

While this is not binding, the Court in Barrios has stated that "we are mindful that Congress has expressed that immigration benefit applications should be adjudicated within six months." *Barrios Garcia*, 25 F.4th at 454. The Court notes that Plaintiff cannot acquire deferred action, work authorization, driver's licenses, social security numbers or bank accounts without this U status. Accordingly, the Court will allow the Plaintiff to proceed as set forth herein. The parties shall conduct discovery and may raise these issues, if appropriate, after discovery is completed.

THEREFORE, IT IS ORDERED THAT Plaintiff's motion to reconsider, Filing No. 20, is granted in part and denied in part as set forth herein. This matter is hereby referred to the Magistrate Judge for case progression.

Dated this 15th day of October, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge